EDITH LAIR, APPELLEE, v. ARTHUR J. CALLOWAY, APPELLANT.

FILED SEPTEMBER 27, 1919. No. 20584.

1. **Bills and Notes:** ALTERATION: INSTRUCTION. The promissory note on which the action was predicated bore date May 9, 1914, which was within the statute of limitations. Defendant pleaded that the note sued upon was a forgery, in that it was originally dated May 9, 1911, and that the date had been changed. The court instructed the jury, in substance, that if they found the note was changed as to date, as defendant asserted, without his knowledge or consent, they should find in his favor, but that if dated May 9, 1914, originally, it would not be barred by the statute of limitations. *Held*, that the instruction was not prejudicial to defendant.

2. **Evidence** examined, and *held* to sustain the verdict.

3. **Compromise and Settlement:** FINDING: EVIDENCE. Defendant answered, among other defenses, that all matters in controversy

between the parties had been settled, and produced a receipt which made such a recital on its face. Plaintiff made a general denial to the answer. At the trial undisputed testimony was received without objection that, at the time the receipt was signed, the promissory note was not mentioned or considered by either party, and that there was no consideration for the signing of the receipt. *Held*, that this warranted the special finding of the jury that no settlement was had of the debt evidenced by the note.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Fawcett, Mockett & Walford,* for appellant. ·

*O. B. Clark, contra.*

LETTON, J.

Action upon a promissory note dated May 9, 1914, due six months after date, for the sum of $3,000, with interest at 10 per cent. The note is upon a printed form, and the words, ''This note given for labor,'' are interlined upon its face. It also bears indorsement as follows: ''1914, Nov. 9, paid $120.''

Five defenses are set forth in the answer: A general denial; that the note was originally given in 1911, which date was afterwards changed without the knowledge or consent of the defendant to 1914; that the words, ''This note given for labor,'' were added without his consent after the note was given; the statute of limitation; payment by the giving of another note by the plaintiff to defendant for the same amount at the same time; and settlement. The reply is a general denial. The jury found for plaintiff, and also made special findings to the effect that the note sued upon was given on May 9, 1914, to settle an existing obligation; that the date was not altered; and that in the settlement of August 15, 1916, it was not the intention of the parties to include the note in suit as a part of the settlement. A motion for a new trial in the usual form was made, and afterwards a like motion was filed on the ground of newly discovered evidence. This was supported by affidavits. These

motions were overruled, and the case is now before us upon appeal.

It is a comforting circumstance that it is seldom that a case comes before this court in which so much of the testimony of the principals is so unreliable and palpably untrue. The evidence shows that the plaintiff, a married woman, living separate from her husband, came from Pennsylvania to act as housekeeper for the defendant in 1905. They, with their respective children, lived in the same household for a period of nine years and ten months. She not only acted as housekeeper, but helped in a hotel and another business owned by defendant. Afterwards the family lived on a small farm. Plaintiff took active part in the work upon the farm, milking cows, cultivating and doing other manual work. This much is undisputed. With respect to the making of the note, the testimony on behalf of plaintiff tends to prove that in 1914 dissensions arose; that defendant was dissatisfied with the work of some of the children; and that on returning from Syracuse May 9, 1914, he went to his room, wrote out the note in suit and handed it to plaintiff, indicating this was to end their relations. Defendant made positive denial of this, testifying that, though he signed this note, it was not at the time it was dated, but in 1912, and the note was dated May 9, 1911; that at the same time a note was executed by plaintiff in defendant's favor for the same amount, bearing the same date; that this transaction was had because he was in litigation and wanted to transfer to plaintiff $3,000 worth of stock in a garage company which he owned, in order to put it out of the reach of his creditors; and that the notes were intended to offset each other. Defendant also testified that the words, "This note given for labor," and the indorsement on the back of the note were not in his handwriting, and were placed there without his knowledge or consent after the note was given.

The evidence seems clear that the writing upon the face of the note and the indorsement thereon was made by the defendant, except perhaps as to the date 1914, and as to this there is sufficient evidence to sustain the verdict.

With respect to the plea of settlement, it appears that defendant desired to purchase an interest which plaintiff had in a tract of land in Cheyenne county, Nebraska. At the time when an agreement was reached that defendant should pay $500 for the same, plaintiff executed a deed for the land and signed a receipt for $237, "in full settlement and satisfaction for every claim or demand that I may have either at law or in equity against the said A. J. Calloway or his estate. This agreement and receipt is intended to cover every item of disagreement between myself and said A. J. Calloway of every kind or nature." The receipt was prepared by Mr. West, an attorney of Syracuse. No money was paid to plaintiff except the $500 for the land. The testimony is undisputed that the $3,000 note was not considered or discussed at the time this receipt was executed. Plaintiff testified, without objection, that not until long after that time was there any disagreement between them with respect to the note in suit and that no release, settlement, or discharge of that debt was contemplated by either of the parties.

The plea of settlement is an affirmative defense, and the burden of proof was upon the defendant.

No consideration was shown for the signing of the paper. The court left the question whether a settlement of the note had been made, to the jury, which found for plaintiff. We are of opinion that defendant failed in his proof of a valid settlement, as also in his contention that a check given to the plaintiff on June 6, 1916, for wages, upon which he had written certain words indicating that same was "in full settlement of all claims to date," constituted a settlement.

Instruction No. 5, which withdrew the defense of the statute of limitations, is complained of. This instruction told the jury that if the note, as originally delivered, bore the date of May 9, 1914, it would not be barred by the statute, but if the date of the note was changed from 1911 to 1914, as alleged, the note was void and uncollectible. This instruction stated the law correctly. The answer of the jury to the special interrogatory settled the question that the note had not been altered, and there was no error in the instruction.

The facts alleged in the affidavits for a new trial on the ground of newly discovered evidence are not sufficient in our opinion to have changed the result if they had been adduced at the trial. The affidavit of the defendant himself flatly contradicts his testimony at the trial in several material respects, and we see no reason why the court should consider that his later statements, made after plaintiff's rebuttal evidence had been produced, should be given any greater weight than that given upon the witness-stand by him. It is impossible that both of his statements can be true. He testified at the trial that he only made one note in favor of plaintiff, and the note produced by him, defendant's exhibit 1, was the note signed by plaintiff in 1912. He now makes affidavit that after the trial he searched his papers and found another note, which he now produces, and which is the note made by plaintiff. Plaintiff makes a counter affidavit denying this positively. The jury may have erred, but the evidence is sufficient to support a finding that the $3,000 note in suit was in fact given to the plaintiff in consideration for services rendered. We find no prejudicial error, and the judgment of the distict court is

AFFIRMED.